# In the United States Bankruptcy Court
## for the
## Southern District of Georgia
### Savannah Division

FILED
Lucinda B. Rauback, Clerk
United States Bankruptcy Court
Savannah, Georgia
By dreese at 9:57 am, Feb 10, 2014

| | |
|---|---|
| In the matter of: ) | |
| ) | Chapter 13 Case |
| SALA AMIRA MENAYA, ) | |
| ) | Number 13-42190 |
| Debtor. ) | |

## OPINION AND ORDER

Before the Court is the Clerk's Notice of Failure to File Credit Counseling Certificate (Dckt. 6). The Bankruptcy Code requires an individual debtor to receive credit counseling from an approved nonprofit budget and credit counseling agency on or within 180 days before filing for bankruptcy. 11 U.S.C. § 109(h)(1). A debtor may be exempted from this requirement if the debtor submits a certification to the Court that (1) describes exigent circumstances that merit a waiver of the requirement; (2) states that the debtor requested credit counseling services from an approved nonprofit budget and credit counseling agency, but was unable to obtain the services during the seven-day period beginning on the date that the debtor made the request; and (3) is satisfactory to the Court. 11 U.S.C. § 109(h)(3)(A). If the exemption applies, the debtor must still obtain the required credit counseling within thirty days of the petition date unless the Court grants an additional fifteen days for cause. *See* 11 U.S.C. § 109(h)(3)(B).

On November 11, 2013, the debtor, acting *pro se*, filed her voluntary petition under chapter 13. (Dckt. 1.) In Exhibit D to the debtor's bankruptcy petition, the debtor certified the following:

> I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. . . .
>
> While away on a job related trip (November 20-November 22, 2013) my car was repossessed by the bank. Upon contact with them I was informed that they will be seeking (on top of the repossession) to garnish my wages as well for two other loans in default. At the time that I found out about the car being taken (5:00 PM on Friday, November 22, 2013), I was unable to schedule a pre bankruptcy counseling session.

(Dckt. 1, ¶ 3.) On December 9, 2013, a Certificate of Counseling was filed in the debtor's case that indicated the debtor had received credit counseling from an approved agency that same day. (Dckt. 15.)

The Court held a hearing on this matter on January 6, 2013. At the hearing, the Court examined the debtor and her certification. Based on the representations made by the debtor at the hearing and in the certification, the Court finds that (1) exigent circumstances existed due to the timing of her car repossession and other factors that impacted her ability to take the required class; (2) the debtor was unable to obtain the class within seven days of making the request; and (3) the certification on Official Form 1, Exhibit D, was satisfactory. Therefore, the Court finds that the debtor was exempted from the

requirement of § 109(h)(1) when she filed her bankruptcy petition. The Court also finds that the debtor complied with § 109(h)(3)(B) because she received the required credit counseling within thirty days of her petition date.

Therefore, it is ORDERED that the debtor has timely met her credit counseling requirement and may be a debtor under § 109(h) as a result.

Dated at Savannah, Georgia, this 7th day of February, 2014.

_____
Edward J. Coleman, III
United States Bankruptcy Judge